FLETCHER, Judge.
The parties, Karl Hansen [former husband] and Elisabeth Hansen [former wife] were divorced in 1998. Prior to entry of final judgment, the parties agreed upon shared parental responsibilities and the former wife became the primary residential parent. The mediated settlement agreement specified that the former husband has visitation every weekend and certain holidays, and all long weekends are alternated between the parents. The issues left unresolved are whether the former wife could have one weekend a month visitation, and which parent would pick up and return the child on Sundays after visitation, as the father lives in Coral Gables and the mother lives in Ft. Lauderdale. The child is now ten years old.
As an ongoing matter, the parties have not been able to agree to the former wife’s one weekend per month of visitation. In July 2002, the former wife filed a petition to determine visitation, access and contact, in order to resolve the open issue of weekend visitation. The former wife stated that she previously acquiesced to the former husband’s having every weekend, but that as the child was now older this was interfering with her ability to have quality time with the child. The recommendations of the court-appointed Parental Coordinator, Dr. Julio Vigil, are that the parents alternate weekends with the child, that the child have an optional midweek overnight stay with the father, and that the parties share summer visitation.
After hearing extensive testimony from Dr. Vigil and the parties, the trial court granted the former wife’s petition to determine the unresolved issue and adjusted the existing visitation schedule to include one weekend each month for the wife, and granted the husband the option of a midweek dinner visitation. The trial court denied the former wife’s supplemental petition for modification and denied her motion to amend the pleadings to conform to the evidence presented at the hearing, which included discussion of modifying the existing visitation schedule for certain holidays, summers and alternate weekends. The former wife appealed, and the former husband cross-appealed.
The lower court proceeding was an initial determination of an issue that had been reserved in the parties’ mediated settlement agreement. The record before us supports the trial court’s conclusions that increased weekend visitation with the mother will benefit the child, and that such an alteration of schedule will not adversely affect the child’s relationship with either the father or mother. The trial court took positive steps toward resolving the issue, but should have settled it completely by granting alternating weekend visitation and holiday scheduling in accordance with Dr. Vigil’s recommendations.
We therefore reverse in part and remand with instructions that the trial court issue an order granting the former wife alternate weekend visitation with the child and summer visitation in full accord with Dr. Vigil’s recommendations. On remand, the trial court is directed to establish a specific holiday visitation schedule. The trial court’s order is affirmed in all other respects.
Reversed and remanded in part, and affirmed in part.